ASSOCIATED LOZIER PURCHASERS, Inc., v. HARRY S. HOUPT, Inc.

(Supreme Court, Appellate Division, First Department.  May 5, 1916.)

DISCOVERY &89—WHEN ALLOWABLE—MATERIALITY.

Defendant corporation purchased automobiles and accessories on consignment from a corporation which required its accounts to be subject to inspection.  Defendant also was the successor of an individual agent of the corporation, who had a contract requiring inspection and an accounting, but it did not appear that he had assigned his contract to defendant.  After bankruptcy of the corporation the purchasers at bankrupt sale sought an accounting and inspection of the books of defendant and its predecessor.  *Held* that, no assignment being shown, inspection of the individual agent's books could not be granted.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 115; Dec. Dig. &89.]

Appeal from Special Term, New York County.

Action by the Associated Lozier Purchasers, Incorporated, against Harry S. Houpt, Incorporated.  From an order granting motion for discovery and inspection of defendant's books, defendant appeals.  Reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SMITH, and PAGE, JJ.

Selden Bacon, of New York City (Saul S. Myers, of New York City, on the brief), for appellant.
Leo N. Haiblum, of Stapleton, for respondent.

LAUGHLIN, J.  The petition upon which the order was granted shows that on or about the 14th day of May, 1913, a contract was made

between the Lozier Motor Company and Harry S. Houpt individually, whereby it granted to him the right to sell Lozier automobiles in certain specified territory, which territory was extended by a subsequent agreement; that the Lozier Motor Company thereby agreed to place a stock of Lozier automobiles and of repair parts on consignment with Houpt, and to make additions thereto from time to time, the title to remain in it until sold, and Houpt agreed to make monthly reports of sales and to deposit moneys received on sales to the credit of the consignor, and to remit therefor, less specified commissions, monthly, and to keep true and accurate accounts of the consigned goods, which accounts should at all times during regular business hours be open to the inspection of the consignor; that during the year 1914 the Lozier Motor Company entered into a separate agreement with the defendant, "which upon information and belief was under the same terms and conditions as were contained in the agreement had between the Lozier Motor Company and Harry S. Houpt," with certain exceptions not material to the question now before the court; that the agreement with the defendant was to continue for two years; that the petitioner was unable to state fully the terms of the agreement with the defendant, but alleged upon information and belief that the Lozier Motor Company consigned to the defendant a large number of automobiles and repair parts, and the defendant has failed to turn over to it or to the plaintiff "all the moneys received" by it "on behalf of the plaintiff herein"; that the Lozier Motor Company was adjudicated a bankrupt, and on the 5th day of February, 1915, the plaintiff purchased from the trustee in bankruptcy all of its assets, including said agreements between it and Houpt and the defendant; that Houpt has failed to turn over the moneys received by him from sales of repair parts and motor cars consigned to him, and a large amount remains due and owing from him to the plaintiff on account thereof; that in order properly to frame a complaint it is necessary for the plaintiff "to have a discovery of all the contracts, books, ledgers, journals, inventories, statements, check books, and check stub books, kept by the said Harry S. Houpt in which the course of transactions between the Lozier Motor Company and the said Harry S. Houpt are fully set forth both in the New York and Philadelphia accounts"; that said books, papers, and documents are in the possession or under the control of the defendant, and that the evidence contained therein is material and indispensable to the plaintiff to enable it to frame a complaint, as its entire cause of action "is based upon the data contained in said books and unless discovery is granted, this plaintiff is left remediless and without a cause of action"; and that the plaintiff has no knowledge of the contents of the books, papers, and documents, and no other means of obtaining knowledge thereof.

The record contains what purports to be an agreement between Houpt individually and the Lozier Motor Company under date of May 14, 1913, and what purports to be an agreement between the defendant and the Lozier Motor Company under date of June 11, 1914; but they are not identified by or made part of the petition or any affidavit. The agreement between Houpt individually and the

Lozier Motor Company is substantially as alleged in the petition; but the agreement between the defendant and the Lozier Motor Company only provides for the receipt by the defendant on consignment of three cars for exhibition and demonstration, and repair parts, and provides that all other shipments of cars were to be accompanied by sight drafts attached to the bill of lading, and it contains no provision for the keeping of accounts subject to the inspection of the Lozier Motor Company. The books, records, and papers of which an inspection is sought are alleged to be the books, records, and papers of Houpt individually, which are shown to be in the possession of the defendant. It is not shown that the contract with Houpt individually was assigned to the defendant, or that it has in any manner assumed his obligations thereunder. In these circumstances, the books, records, and papers of Houpt individually are not shown to be material to any cause of action which the plaintiff may have against the defendant, and the court was not warranted in granting, as it did, an inspection of all books, papers, and documents relating either to the transactions under the contract with Houpt individually, or with the defendant.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.